UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

THOMAS HOLDEN,

    Petitioner,

v.                                                                   Civil No. 2:14-CV-13701

THOMAS WINN,

    Respondent.

_____/

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE**

Thomas Holden, ("Petitioner"), presently confined at the Saginaw Correctional Facility in Freeland, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his convictions for assault with intent to commit murder,[1] possessing a firearm during the commission of a felony (felony firearm), second offense,[2] and felon in possession of a firearm.[3]

Petitioner has also asked the court to hold the petition in abeyance in order to permit him to return to the state courts and initiate post-conviction proceedings there, in order to exhaust additional ineffective assistance of counsel claims that were not raised in his direct appeal. Petitioner raises claims of "(1) Six Amendment [sic] violation, choice of retainer counsel; (2) IAC failure to properly object and failure to investigate; and (3) IAC - Appellate Counsel for failure to investigate and raise these claims on

---

[1]Mich. Comp. Laws § 750.83; Mich. Stat. Ann. 28.278.

[2]Mich. Comp. Laws § 750.227b; Mich. Stat. Ann. 28.424 (2).

[3]Mich. Comp. Laws § 750.224f.; Mich. Stat. Ann. 28.421(6).

1

direct appeal." (Dkt. # 12, Pg. ID 515.)

For the reasons stated below, the court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit Petitioner to return to the state courts to exhaust his claims. The court will also administratively close the case.

## I.  BACKGROUND

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Holden*, No. 308164, 2013 WL 116522 (Mich. Ct. App. Mar. 21, 2013). On September 22, 2014, Petitioner filed this application for a writ of habeas corpus.[4] Petitioner seeks habeas relief on the grounds that he raised in the state courts on his direct appeal.

## II. STANDARD

A federal district court is authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts. *See Nowaczyk v. Warden, N.H. State Prison,* 299 F.3d 69, 77-79 (1st Cir. 2002) (holding that district courts should "take seriously any request for a stay."); *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000); *see also Bowling v. Haeberline,* 246 Fed. App'x 303, 306 (6th Cir. 2007) (a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served") (quoting *Nowaczyk*, 299 F.3d at 83); see also *Thomas v. Stoddard,* 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015). Although there is no bright-line rule that a

---

[4]Under the prison mailbox rule, this court assumes that Petitioner filed his habeas petition on September 22, 2014, the date that it was signed and dated. *See See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

district court can never dismiss a fully-exhausted habeas petition because of the pendency of unexhausted claims in state court, in order for a federal court to justify departing from the "heavy obligation to exercise jurisdiction," there must be some compelling reason to prefer a dismissal over a stay. *Nowaczyk*, 299 F.3d at 82 (internal quotation omitted); *see also Bowling,* 246 Fed. App'x at 306 (district court erred in dismissing petition containing only exhausted claims, as opposed to exercising its jurisdiction over petition, merely because petitioner had independent proceeding pending in state court involving other claims).

### III.  DISCUSSION

Petitioner argues "that it is in his best interest to present claims of ineffective assistance of counsel to the trial court . . . prior to having his defaulted habeus corpus issues decided by this court[,]" he "respectfully requests that this Court hold his petition in abeyance pending the resolution and exhaustion of his claims in the trial court." (Dkt. # 12, Pg. ID 515.) A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines v. Weber,* 544 U.S. 269, 278 (2005).  A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the Antiterrorism and Effective Death Penalty Act's (AEDPA) statute of limitations. *See Hargrove v. Brigano,* 300 F.3d 717, 720-21 (6th Cir. 2002).

Various considerations merit holding the petition in abeyance while Petitioner returns to the state courts to exhaust his new claims.  In particular,

> the Court considers the consequences to the habeas petitioner if it were to proceed to adjudicate the petition and find that relief is not warranted before the state courts ruled on unexhausted claims. In that scenario, should the petitioner subsequently seek habeas relief on the claims the state courts rejected, he would have to clear the high hurdle of filing a second habeas petition.

*Thomas,* 89 F. Supp. 3d at 942 (citing 28 U.S.C. 2244(b)(2)). Moreover, "[I]f this Court were to proceed in parallel with state post-conviction proceedings, there is a risk of wasting judicial resources if the state court might grant relief on the unexhausted claim." *Id.*

Other considerations merit granting a stay as well. This court is currently not in a position to determine whether Petitioner's new claims have any merit, thus, the court cannot say that Petitioner's claims are "plainly meritless." *Id.* at 943. Nor, on the other hand, can the court at this time say that Petitioner's new claims plainly warrant habeas relief. *Id.* If the state courts deny post-conviction relief, this court would still benefit from the state courts' adjudication of these claims in determining whether to permit Petitioner to amend his petition to add these claims. *Id.*

Finally, this court sees no prejudice to Respondent in staying this case, whereas Petitioner "could be prejudiced by having to simultaneously fight two proceedings in separate courts and, as noted, if this Court were to rule before the state courts, [Petitioner] would have the heavy burden of satisfying 28 U.S.C. § 2244(b)(2)'s second-or-successive-petition requirements" should he seek habeas relief on his new claims. *Thomas,* 89 F. Supp. 3d at 943.

Even where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines v. Weber*, 544 U.S. at 278. To ensure that there are no

delays by Petitioner in exhausting state court remedies, this court imposes time limits within which Petitioner must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).

The court will hold the petition in abeyance to allow Petitioner to initiate post-conviction proceedings in the state courts.  This tolling is conditioned upon Petitioner initiating his state post-conviction remedies within thirty days of receiving this court's order and returning to federal court within thirty days of completing the exhaustion of state court post-conviction remedies. *Rhines* 544 U.S. at 269 ("a brief interval" is "normally 30 days"); *Hargrove,* 300 F.3d at 721*; see also Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

Petitioner's method for properly exhausting these claims in the state courts would be through filing a motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502. *See Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009); *see also Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004).  A trial court is authorized to appoint counsel for Petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C).  Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302; *see also Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).  Petitioner is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the proceedings are **STAYED** and the court will hold the habeas petition in abeyance. Petitioner must file a motion for relief from judgment in state court within thirty days of receipt of this order. He shall notify this court in writing that such motion papers have been filed in state court. If he fails to file a motion or notify the court that he has done so, the court will lift the stay and will reinstate the original petition for writ of habeas corpus to the court's active docket and will proceed to adjudicate only those claims that were raised in the original petition. After petitioner fully exhausts his new claims, he shall file an amended petition that includes the new claims within thirty days after the conclusion of his state court post-conviction proceedings, along with a motion to lift the stay. Failure to do so will result in the court lifting the stay and adjudicating the merits of only those claims raised in petitioner's original habeas petition.

To avoid administrative difficulties, the court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Thomas,* 89 F. Supp. 3d at 943-944.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the court may order the Clerk to reopen this case for statistical purposes.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: January 28, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 28, 2016, by electronic and/or ordinary mail.

                                             S/Lisa Wagner
                                             Case Manager and Deputy Clerk
                                             (313) 234-5522